**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROSA BRUNSON,
Plaintiff-Appellant,

v.

No. 96-1266

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Cameron McGowan Currie, District Judge.
(CA-93-2970-2-22AJ)

Argued: May 9, 1997

Decided: July 10, 1997

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
FABER, United States District Judge for the Southern District of
West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Anne Middleton Bell, BRYAN, BAHNMULLER,
GOLDMAN & MCELVEEN, L.L.P., Sumter, South Carolina, for
Appellant. Renata Deann Turner, Assistant Regional Counsel, Office
of General Counsel, SOCIAL SECURITY ADMINISTRATION,
Atlanta, Georgia, for Appellee. **ON BRIEF:** Terrell T. Horne,

BRYAN, BAHNMULLER, GOLDMAN & MCELVEEN, L.L.P., Sumter, South Carolina, for Appellant. Frank W. Hunger, Assistant Attorney General, Margaret B. Seymour, United States Attorney, Mary Ann Sloan, Acting Chief Counsel, Region IV, Mack A. Davis, Acting Deputy Chief Counsel, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rosa Brunson applied to the Social Security Administration for supplemental security income in May 1991 and disability benefits in July 1991, alleging a disability beginning May 1, 1991, due to "knee trouble and hip joint." After a hearing before the Administrative Law Judge (ALJ), the ALJ determined that while Brunson had severe impairments, they would not preclude her from performing her prior relevant work as a cashier at a movie theater, a job that she had last held in 1979. The appeals council affirmed this decision as did the district court. On appeal Brunson claims that the ALJ did not properly weigh her testimony about pain and improperly overlooked the treating physician's conclusion that "the patient is probably totally disabled at this time because of her right hip and back pain." She also challenges the evidence to support a finding that her movie cashier work constituted substantial gainful employment, although she did not raise this issue below. Because the evidence in the record on this issue is ambiguous, we will not decide it.

Brunson's impairments originated in 1972 when she was severely injured in a hurricane. She sustained a compound fracture of her right leg, complicated by osteomyelitis, which eventually required that her leg be fused at the knee. Her leg is now fixed in an outstretched posi-

2

tion with about a ten degree flexion at the knee, and Brunson has also developed degenerative hip disease, causing her to experience pain, particularly when she walks or stands too long. Brunson has a college education and a history of semi-skilled to skilled employment as a bank teller, substitute teacher, mental retardation specialist, and cashier in a movie theater. While she claims that her jobs as teacher, bank teller, and mental retardation specialist involve light exertion with lifting up to 20 pounds, she described her job as a cashier as requiring sedentary exertion. Nevertheless, she claims that she is unable to work at any of these jobs due to her pain in her hip and leg.

In answers to interrogatories, which were entered into the record of the hearing before the ALJ, Brunson's treating physician stated that Brunson takes Feldene for her pain but indicated that her ability to concentrate would be unaffected by her condition or medication. The physician also stated that Brunson's condition required her to change positions, including standing, sitting or lying down, every 45 to 60 minutes. He concluded that Brunson's condition precludes her from using the lower right extremity in the operation of leg controls or foot pedals and from stooping, kneeling, climbing stairs, or prolonged walking. He felt that Brunson's condition did require her to use a cane but would not prevent her from using her arms and hands to reach at the waist level while seated, reaching overhead with her arms or hands, lifting or carrying objects weighing less than five pounds, or pushing or pulling with the hands and arms while seated.

The Administrative Law Judge considered Brunson's claim of pain and other subjective symptoms and her treating physician's summary conclusion that she was disabled. But based on the other testimony given, the ALJ concluded that the claimant could perform work at her last employment as a movie cashier. She noted that Brunson lives with two small children aged 9 and 10 and that she fixes meals for herself and for them, washes dishes, goes grocery shopping, helps the children with their homework, goes to church, and performs household chores.

It is well-established that we must uphold the Commissioner's decision if it is supported by substantial evidence and is not contrary to law. While we might question the extent to which pain would interfere with Brunson's work, we must recognize that the ALJ, who

3

found the facts in this case, had the ability to observe the witnesses and draw conclusions based on the evidence. We cannot say that the findings are not supported by substantial evidence. Accordingly, we affirm the judgment of the district court.

AFFIRMED